UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14 CV 193 RWS |
| LA PENCA, INC., et al., | ) ) ) |
| Defendant. | ) |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Joe Hand Productions, Inc. is suing defendants La Penca, Inc. and Miguel Escamilla under the Communications Act of 1934, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, Title U.S.C. 553, *et seq.* Plaintiff alleges that defendants engaged in the unauthorized transmission of the "Ultimate Fighting Championship 142: Jose Aldo v. Chad Mendes" on January 14, 2012 at defendants' business, El Agave Restaurant. Plaintiff now moves for summary judgment. Defendants oppose summary judgment, claiming that there is a genuine issue of material fact.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998) (citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and

supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

Here, there is a genuine issue of material fact over whether defendants broadcasted the UFC program on the date in question. Plaintiff has filed the affidavit of an investigator, stating that he was at El Agave Restaurant on January 14, 2014, and observed the UFC program being broadcasted. See Plaintiff's Memorandum in Support of Motion for Summary Judgment, Exhibit 1 [#38-1]. Defendants dispute that the program was broadcasted on the televisions at El Agave Restaurant on January 14, 2012, and attach the affidavit of an employee who states that he was working at El Agave all day on January 14, 2012, and did not observe the UFC program being broadcasted. See Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, Exhibit B [#46-3]. Because it is genuinely disputed at this time whether the UFC program was broadcasted at defendants' restaurant, the Court cannot decide as a matter of law that plaintiff is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Summary Judgment #[37] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2015.

2